UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| NATHAN WALKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN TRIVISONNO ET AL., ) <br> ) <br> Defendants. ) | C.A. No. 1:22-CV-00236-MSM-LDA |

ORDER

Mary S. McElroy, United States District Judge.

This case arises from an injury that the Plaintiff, Nathan Walker ("Walker") allegedly suffered while he was driving a vehicle that was struck by a United States Postal Service ("USPS") vehicle. (ECF 15 at 1.) The accident occurred on June 4, 2020 in Providence, Rhode Island. Now before the Court is the defendant, the United States of America's ("United States"), Motion to Dismiss. (ECF No. 14.) The United States seeks dismissal of the plaintiff's Complaint because it alleges that he failed to properly present his claims administratively as required under the Federal Tort Claim Act ("FTCA"). *Id.* at 6-7. Pursuant to the FTCA, in order to sue the United States, a party must present their claim to the proper administrative agency within the prescribed time frame. 28 U.S.C. § 2401(b). Failure to do so results in the non-waiver of the United States' sovereign immunity. 28 U.S.C. § 2675(a). Because the time to present a conforming administrative claim has expired, the United States

1

argues that Mr. Walker's claims are barred by the FTCA's statute of limitations and should be dismissed. Mr. Walker does not contest the facts but argues that the FTCA limitations period should be equitably tolled because the COVID-19 pandemic brought about extraordinary circumstances that prevented him from bringing his action promptly.

Mr. Walker's alleged injury arose from a motor vehicle accident on June 4, 2020. (ECF 15 at 1.) On July 1, 2020, Mr. Walker's prior counsel sent a letter to the USPS which provided notice of the claim and included a completed Claim for Damage, Injury or Death (an "SF-95"). *Id.* at 2. On the SF-95, the counsel wrote that the amount of the claim was "TBD" rather than providing a specific figure, because at the time "the extent of Mr. Walker's injuries were largely unknown," as was his "ability to obtain on-going treatment." *Id.* at 4-5.

On August 18, 2020, the USPS Tort Claim Center sent a letter to Mr. Walker's counsel informing him that Mr. Walker's submission did not constitute a valid claim under the FTCA because "a claim should state, with specificity, sufficient facts to allow the government to investigate its liability, and a 'sum certain' amount for injuries or losses alleged to have occurred by reason of the incident." (ECF No. 14 at 3.) The letter also emphasized that an administrative claim must be "received by the agency within two years from the time such claim accrues." (ECF No. 14-1 at 10.)

Mr. Walker treated with DeCrencenzo Chiropractic until September 3, 2020, and his attorney received final billing receipts on November 5, 2020. (ECF No. 15.) After receiving this information, Mr. Walker's counsel failed to correct or supplement

2

the SF-95 form to include a "sum certain" in accordance with the FTCA's requirements. Mr. Walker attributed this failure to the COVID-19 pandemic, which caused his attorney to work from home and created "a series of logistical issues" that resulted in the administrative claim not being amended. *Id.* Mr. Walker argues that the Court should apply the doctrine of equitable tolling to his claim because the pandemic presented extraordinary circumstances.

The FTCA is a limited waiver of the United States' sovereign immunity from liability for certain tortious acts and omissions of federal employees. *Holloway v. United States*, 845 F.3d 487, 489 (1st Cir. 2017). "A key FTCA requirement is that a person cannot sue under it unless he first presents his 'claim' to the relevant administrative agency 'within two years after such claim accrues.'" *Id.* (quoting 28 U.S.C. § 2401(b)). "An essential element of a claim is 'notification of the incident,' via 'an executed' SF-95 or 'other written' document, 'accompanied by' a demand 'for money damages in a *sum certain*.'" *Id.* (quoting 28 C.F.R. § 14.2(a)). The sum certain requirement allows the government to understand its potential liability and determine whether "settlement would be in the interests of all." *Id.* at 489-90. Although the FTCA must be strictly construed in favor of the government, *Carroll v. United States*, 661 F.3d 87, 94 (1st Cir. 2011), its two-year limitations period is non-jurisdictional and subject to equitable tolling, *United States v. Wong*, 575 U.S. 402, 420 (2015).

The doctrine of equitable tolling suspends the running of the statute of limitations if a plaintiff can establish (1) that they have been pursuing their rights

diligently, and (2) that some extraordinary circumstances stood in their way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In this case, Mr. Walker has not adequately established these necessary conditions. The plaintiff's counsel had seventeen months between receiving Mr. Walker's final medical bills on November 5, 2020, and the end of the statute of limitations period on June 4, 2022, to submit the final sum certain demand. Further undermining his argument that he had been diligent in the pursuit of his rights is the fact that the USPS specifically cited the deadline in its response to Mr. Walker's initial submission. Any party exercising reasonable diligence could have provided the USPS with the sum certain of damages within that period. *See Delrosario v. United States*, 2021 WL 5833974, at *3 (D.R.I. Dec. 9, 2021). And while the COVID-19 pandemic certainly was an extraordinary event, Mr. Walker has described no concrete ways in which the pandemic stood as an obstacle to his attorney amending the SF-95, other than that she had to work from home for a certain period, which the Court does not consider, by itself, to be a realistic barrier to this simple administrative filing.

For these reasons, the United States' Motion to Dismiss (ECF No. 14) is GRANTED, and Mr. Walker's claims are dismissed. IT IS SO ORDERED.

_____
Mary S. McElroy,
United States District Judge

February 15, 2023